IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | CIVIL ACTION NUMBER |
| Plaintiff, | ) ) | |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| DOLLAR GENERAL CORP., | ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to the Charging Party, Laveta Crawford ("Crawford"), who was adversely affected by such practices. The Plaintiff alleges that while employed with the Defendant, Crawford was subjected to a sexually hostile work environment by Defendant's Assistant Manager, and that the Defendant failed to take effective remedial action to end the harassment. Moreover, after complaining about the harassment to Defendant Dollar General Corporation, Defendant terminated Crawford's employment in retaliation for engaging in protected activity

in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1)and (3).

4. At all relevant times, Dollar General (or "Defendant") has continuously been a corporation doing business in the State of Georgia and the city of Jonesboro, and has continuously had at least 15 employees.

5. At all relevant times, Dollar General has continuously been an

employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, the Charging Party filed charges of discrimination with the Commission alleging a violation of Title VII by Defendant.

7. On March 5, 2014, the EEOC issued to Defendant a Letter of Determination inviting it to join the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. On June 3, 2014, the EEOC issued to Defendant a Notice of Failure of Conciliation advising it that despite its efforts the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit has been fulfilled.

10. Since July 2012, Defendant engaged in unlawful employment practices, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by subjecting Crawford to:

> (a) repeated incidents of verbal and physical harassment which resulted in a sexually hostile work environment; and
>
> (b) by discharging Crawford from her employment in retaliation

for complaining about unlawful sexual harassment.

11.   In August 2012, Crawford reported Timothy Bell's ("Bell") sexual harassment to Defendant's Store Manager, Kathryn Griffin ("Griffin"), who in turn reported it to the District Manager, Dewy Mathews ("Mathews"). Crawford also reported Bell's sexually inappropriate behavior to Defendant's Employee Response Center ("ERC").

12.   From July 2012 thru October 2012, Bell engaged in some form of inappropriate sex-based conduct with regards to Crawford on a regular, almost daily basis whenever they worked together.

13.   Bell's conduct and comments made to, and about Crawford, include, but is not limited to, the following examples:

    a.   Commenting that "I like walking behind you – my view is good from back here."

    b.   Commenting that "I know your man is happy, because I would be laying up on that.'"

    c.   Commenting that "You sure looking good in them pants."

    d.   Commenting to other employees that Crawford's name was Velveeta and that "I bet you can spread her on some crackers just like some cheese."

    e.   Telling Crawford's daughter that he was about to become her

4

"new step-daddy."

  f. Staring at Crawford while standing inappropriately close behind her.

  g. Standing behind Crawford while she kneeled down to open the store's safe and inappropriately commenting on Crawford's anatomy.

14. Crawford was aware that Bell engaged in sexually inappropriate conduct with other female employees and customers. Such conduct includes, but is not limited to, the following:

  a. Bell standing uncomfortably close to female co-workers.

  b. Bell looking under female customers' clothing.

  c. Bell staring at the posteriors of female co-workers and customers.

  d. Bell flirting with, or otherwise "hitting on," underage female customers.

  e. Bell openly making comments about female body parts.

15. The type of practices complained of above had the effect of altering and/or interfering with Crawford's work environment, and otherwise subjecting her to a hostile work environment based on her sex, female.

Retaliatory Discharge

16. In October 2012 Crawford asked to be transferred to a store location in Marietta, Georgia. Mathews, District Manager, informed Crawford that he

5

would approve the transfer.

17. Mathews, Griffin and Crawford agreed that October 19, 2012, would be Crawford's last day at the Jonesboro store while Crawford waited for the transfer to the Marietta store.

18. On October 10, 2012, Crawford filed a charge with Plaintiff EEOC.

19. Plaintiff EEOC mailed the charge to Defendant on October 15, 2012.

20. Defendant terminated Crawford's employment on October 22, 2012, but made the termination effective as of October 19, 2012.

21. Crawford did not learn of her termination until she telephoned defendant to inquire about the status of her transfer request.

22. Griffin was informed by a manager in Defendant's employ that the transfer had not occurred because, according to Mathews, he did not want Crawford in his district "because a lot of stuff was going on."

23. Another manager employed by Defendant informed Griffin that Mathews instructed her to remove Crawford from the human resources system which effectively ended her employment.

24. Crawford's termination was in retaliation for filing a charge of discrimination with the EEOC and/or opposing the unlawful sexual harassment perpetrated by Bell.

25. The effects of the practices complained of in paragraphs 10 through 24

above have been to deprive Crawford of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and because she engaged in protected activity.

26. The unlawful employment practices complained of in paragraph 10 through 24 above were intentional and were carried out with malice and/or reckless indifference to the federally protected rights of the Crawford.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in sexual harassment against employees and engaging in any other employment practice which discriminates on the basis of sex.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices which have the effect of discriminating against employees who engage in protected activity.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole the Charging Party, who was

adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.   Order Defendant to make whole the Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

F.   Order Defendant to make whole the Charging Party by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

G.   Order Defendant to pay to the Charging Party punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

H.   Grant such further relief as the Court deems necessary and proper.

I.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REEMS
Associate General Counsel

<u>September 30, 2014</u>        <u>s/ Robert K. Dawkins</u>
      Date                ROBERT K. DAWKINS
                    Regional Attorney
                    Georgia Bar No. 076206

                    OTTRELL FERRELL EDWARDS
                    Supervisory Trial Attorney
                    Georgia Bar No. 141979

                    U.S. EQUAL EMPLOYMENT
                    OPPORTUNITY COMMISSION
                    Atlanta District Office
                    100 Alabama Street, SW, Suite 4R30
                    Atlanta, Georgia 30303
                    Telephone:  (404) 562-6818
                    Facsimile:  (404) 562-6905